CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG - 4 2011

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL WAYNE CRAWFORD, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:11CV00158 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Respondent. ) | |

Michael Wayne Crawford, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Crawford challenges the validity of his July 2007 convictions in the Circuit Court for the County of Rockingham. The respondent has moved to dismiss the petition, arguing that the petition is untimely. For the reasons set forth below, the court will grant the respondent's motion.

## Background

On June 7, 2007, Crawford entered into an agreed disposition with the Commonwealth pursuant to Rule 3A:8(c)(1)(C) of the Rules of the Supreme Court of Virginia, in which he agreed to plead guilty to the following offenses: one count of receiving stolen property, in violation of Virginia Code § 18.2-108; one count of attempted breaking and entering, in violation of Virginia Code § 18.2-89; two counts of abduction, in violation of Virginia Code § 18.2-47; four counts of wearing a mask in public, in violation of Virginia Code 18.2-422; two counts of possessing a firearm after having been previously convicted of a felony, in violation of Virginia Code 18.2-308.2; one count of attempted robbery, in violation of Virginia Code § 18.2-58; three counts of robbery, in violation of Virginia Code § 18.2-58; and three counts of using a firearm in

the commission of a felony, in violation of Virginia Code § 18.2-53.1. In exchange for Crawford's pleas of guilty to those offenses, the Commonwealth agreed to dismiss four other charges. The parties also agreed that the Circuit Court would sentence the defendant to a total active sentence of 25 years.

On June 11, 2007, the Circuit Court accepted Crawford's guilty pleas and approved the plea agreement. The Court subsequently sentenced the petitioner to a term of imprisonment of 189 years, with 164 years suspended, resulting in a total active period of incarceration of 25 years. The sentencing order was entered on July 31, 2007.

Crawford did not appeal his convictions or sentence. However, on December 2, 2008, Crawford filed a petition for writ of habeas corpus in the Supreme Court of Virginia, in which he alleged that his pleas of guilty were not knowing and voluntary, and that his attorney provided ineffective assistance. The petition was dismissed by the Supreme Court on May 14, 2009.

On March 27, 2011, Crawford filed the instant petition, in which he challenges the validity of his guilty pleas and claims that his attorney improperly advised him to plead guilty. The respondent has moved to dismiss the petition on the basis that it is untimely. Crawford filed a response to the motion on July 6, 2011. The motion is now ripe for review.

## Discussion

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244 further provides that the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

In this case, the Circuit Court entered the final judgment order in Crawford's criminal case on July 31, 2007. Because Crawford did not appeal his convictions, they became final on August 30, 2007, the date on which his time to appeal expired.[1] Accordingly, the one-year period of limitation under § 2244(d)(1)(A) began to run on that date and expired on Monday, September 1, 2008. Since Crawford did not execute the instant petition until March 27, 2011, the petition is clearly untimely under § 2244(d)(1)(A).[2]

In an attempt to avoid dismissal, Crawford argues that his petition should be deemed timely filed under § 2244(d)(1)(B). To support the application of this provision, Crawford contends that "in the early part of 2010, . . . he was denied access to the law library at Keen

---

[1] Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Crawford had thirty days to file a notice of appeal. The thirty day period expired on August 30, 2007.

[2] Although the proper filing of a state habeas petition ordinarily tolls the one-year period of limitation, the one-year period had already expired by the time Crawford filed his state petition in December of 2008. Consequently, that petition did not toll the period of limitation under § 2244(d)(1)(A). See e.g., Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").

3

Mountain Correctional Center due to a series of long institutional lock downs," and that his subsequent requests for assistance from the institutional attorney went unanswered. (Attachment to Petition at 4) (emphasis added). As indicated above, however, § 2244(d)(1)(B) provides for the delayed commencement of the one-year period of limitation if the applicant was prevented from filing a petition by state action. In this case, the alleged impediment did not arise until 2010, more than a year after the period of limitation set forth in § 2244(d)(1)(A) had expired. Consequently, the court agrees with the respondent that Crawford is not entitled to statutory tolling under § 2244(d)(1)(B). As the district court observed in Kimbrough v. Knowles, 2006 U.S. Dist. LEXIS 94008 (N.D. Cal. Dec. 19, 2006), "[i]t would defy logic for § 2244(d)(1)(B) to re-commence the statute of limitations ordinarily in place under § 2244(d)(1)(A) when the impediment did not even exist until after more than a year had passed." Kimbrough, 2006 U.S. Dist. LEXIS 94008, at *7; see also Gresham v. Capello, 2010 U.S. Dist. LEXIS 40477, at *7 (W.D. Mich. Apr. 26, 2010) (rejecting the petitioner's argument that the statute of limitations should be calculated pursuant to § 2244(d)(1)(B), since the petitioner failed show that state employees prevented him from timely filing a habeas petition before the deadline expired under § 2244(d)(1)(A)); Camou v. Carey, 2002 U.S. Dist. LEXIS 17718, at *12 n.5 (N.D. Cal. Sept. 17, 2002) (holding that the fact that petitioner was placed in segregation did not serve to create a different triggering date for the statute of limitations under § 2244(d)(1)(B), "[b]ecause this occurred after the federal statute of limitations had already expired").

Based on the foregoing, Crawford's petition must be dismissed unless he demonstrates some basis for equitable tolling.[3] In Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (en banc), the

---

[3] Crawford has not alleged any facts to support the court's reliance on § 2244(C) or (D).

4

United States Court of Appeals for the Fourth Circuit explained that equitable tolling is available only in "those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246 (internal quotation marks omitted). To satisfy this standard, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

In this case, Crawford first argues that the statute of limitations should be equitably tolled due to his physical and mental health problems. However, he has failed to demonstrate that his health problems prevented him from filing a federal habeas petition within the one-year period of limitation. In his petition, Crawford focuses on the severity of his mental health problems in 2009. He asserts that he became "manically depressed on a psychological level" in June of 2009 and that he "was, therefore, mentally incompetent to have proceeded with his appeal and federal habeas corpus petition in 2009, after the denial by the Supreme Court of Virginia." (Attachment to Petition at 4). As indicated above, the one-year period for filing his federal habeas petition expired in 2008. Consequently, the fact that Crawford experienced a decline in his mental health in 2009 does not provide a basis for equitable tolling. While Crawford indicates in his reply brief that he also suffered from depression in 2008 and that he has a history of seizures, the court remains convinced that he has failed to prove that any impairment or combination of impairments precluded him from filing on time. See United States v. Sosa, 364 F.3d 507, 513 ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."); see also Evans v. Johnson, 2010

5

U.S. Dist. LEXIS 80480, at *8 (E.D. Va. Aug. 9, 2010) ("[I]t is not enough that a petitioner seeking equitable tolling allege the existence of a health condition; instead, he has the burden to demonstrate that the health condition rendered him unable to file a habeas application during the one-year limitations period."). For these reasons, the court concludes that Crawford's reliance on his health problems is insufficient to warrant equitable tolling.

Crawford alternatively argues that he is entitled to equitable tolling because he is actually innocent. Neither the United States Supreme Court nor the Fourth Circuit has held that an actual innocence claim is sufficient to warrant equitable tolling.[4] Even if the court assumes than an actual innocence exception exists in this context, Crawford's petition falls short of the necessary showing. In order to use an actual innocence claim as a procedural gateway to assert claims that are otherwise procedurally barred, the petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). In this case, the only evidence offered to support Crawford's claim of actual innocence consists of his own assertions that he participated in the criminal conduct only because he was seriously threatened by his co-defendant and, thus, that he acted under duress. Because such evidence was known and available to Crawford at the time he entered his pleas of guilty, it does not constitute the type of "new

---

[4] Several other circuits that have addressed this issue have held that there is no actual innocence exception to the statute of limitations in habeas cases. See, e.g., Escamilla v. Junwirth, 426 F.3d 868, 872 (7th Cir. 2005) ("Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action."); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) ("[D]efendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming."); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) ("Cousin's claims of innocence do not preclude the dismissal of his petition as untimely."). However, the Sixth Circuit has held that a petitioner is entitled to equitable tolling if he can make a credible showing of actual innocence. See Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005).

evidence" required by <u>Schlup</u> or otherwise warrant equitable tolling. See, e.g., <u>Flanders v. Graves</u>, 299 F.3d 974, 976-977 (8th Cir. 2002) (holding that an actual innocence claim would not equitably toll the period of limitation for filing a <u>habeas</u> petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitation.").

## Conclusion

For the reasons stated, the court concludes that Crawford's petition is untimely under § 2244(d)(1)(A) and that he is not entitled to statutory or equitable tolling. Accordingly, the court will grant the respondent's motion to dismiss. Additionally, because the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 4th day of August, 2011.

_____
Chief United States District Judge